1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    WILLIE RAY JONES,

11              Plaintiff,                    No. 2:10-cv-3323 KJN P

12        vs.

13    ROBERT I. BAYSPINGER, et al.,

14              Defendants.            ORDER

15    _____/

16              Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17    pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to

18    28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19    and Local Rule 302.  Plaintiff has consented to proceed before the undersigned for all purposes.

20    See 28 U.S.C. § 636(c).

21              The court is required to screen complaints brought by prisoners seeking relief

22    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25    granted, or that seek monetary relief from a defendant who is immune from such relief.

26    28 U.S.C. § 1915A(b)(1),(2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

9    plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

12   (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

13   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

14   allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

15   "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

16   notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

17   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

18   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

19   as true the allegations of the complaint in question, id., and construe the pleading in the light

20   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

21   Plaintiff challenges the validity of his nolo contendere plea and conviction, his

22   prior serious felony conviction, "or any issue involved therein," and seeks monetary damages.

23   Plaintiff argues that "misrepresentation of the plea agreement for twelve years was based on

24   evidence of presumption of vindictiveness or actual vindictiveness, . . . which caused the

25   improper use of prior serious felony conviction . . . to enhance his sentence of 25 years-to-life on

26   June 18, 2007."  (Dkt. No. 1 at 2.)  It appears plaintiff contends the reversal of his 2003

2

1   conviction demonstrates vindictiveness on the part of the prosecutor.  Plaintiff also contends "it

2   was understood that the court and the prosecution agreed to dismiss his prior serious felony

3   conviction."  (Dkt. No. 1 at 3.)  A brief synopsis of the underlying proceedings follows.

4              1.  On October 6, 2003, plaintiff pled nolo contendere to battery with serious

5   bodily injury with an enhancement that he personally inflicted great bodily injury, and an

6   admission of a prior serious felony conviction.  (Dkt. No. 1 at 14.)

7              2.  On April 29, 2005, the 2003 conviction was reversed and the case remanded to

8   the trial court.  (Dkt. No. 1 at 27.)

9              3.  On May 12, 2006, the trial court addressed scheduling and plaintiff's counsel

10  raised the issue of plaintiff's competence to stand trial.  (Dkt. No. 1 at 17.)  The prosecutor

11  revoked his plea offer.[1]  (Id. at 18.)

12             4.  Plaintiff's case went to jury trial, and on May 9, 2007, plaintiff was convicted

13  of assault using force likely to produce great bodily injury and battery inflicting serious bodily

14  injury.  (Dkt. No. 1 at 29-30.)  The jury also found true an enhancement allegation that as to each

15  offense defendant inflicted great bodily injury under circumstances involving domestic violence.

16  (Id.)  After a subsequent bench trial, the court found true the enhancement allegations that

17  plaintiff had two prior convictions of serious or violent felony offenses.  People v. Jones, 2008

18  WL 3878347 (Cal. App. 3 Dist. Aug. 22, 2008).[2]  Plaintiff was sentenced to 25 years to life in

19  state prison.

20             First, plaintiff is challenging his 2007 conviction in a petition for writ of habeas

21  corpus that is presently under submission.  Jones v. Haws, 2:09-cv-1735 KJM P.  A court may

22

23         [1]  The Reporter's Transcript does not reveal the details of the plea offer.  Id.  Plaintiff
    states the plea offer was for battery and a sentence of twelve years.  (Dkt. No. 1 at 3-4.)

24

25         [2]  Court records reflect plaintiff sustained two prior serious felony convictions:  robbery
    in San Joaquin County Superior Court (Case No. SC037899) on July 21, 1986; and robbery in
    Los Angeles County Superior Court (Case No. A577402) on August 17, 1989.  Jones v. Haws,

26  2:09-cv-1735 KJM P.  (Dkt. No. at 64.)

take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).  Review of the records filed in the habeas action reveal plaintiff is challenging, in various ways, the 1986 and 1989 prior criminal convictions and how they were used to enhance his sentence.  (Id., Dkt. No. 1 at 8, 10, 11, 12, 22 & 23.)  Plaintiff is advised that he cannot pursue the same claims in two different court actions.

Second, plaintiff is advised that he cannot challenge his 1986 or 1989 prior criminal convictions in a civil rights action absent proof that these convictions have been reversed or invalidated.  In Heck v. Humphrey, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote omitted).  Plaintiff has provided evidence that his 2003 conviction was reversed on appeal, but he has not provided evidence that his 1986 or 1989 prior criminal convictions were reversed or invalidated.

It appears plaintiff may believe one or more of his prior serious felony convictions were "dismissed" pursuant to the initial plea bargain.  (Dkt. No. 1 at 3.)  However, the transcript from the 2003 change of plea hearing does not reflect an agreement that one or more of his prior serious felony convictions would be dismissed.  (Id. at 8-13.)  Rather, the record reflects that in exchange for plaintiff's nolo contendere plea to battery with serious bodily injury with an enhancement that he personally inflicted great bodily injury, and an admission of plaintiff's 1989 robbery conviction, plaintiff would be sentenced to 12 years in prison.  (Id. at 9.)  This appears to reflect a concession on the prosecutor's part to refrain from requiring plaintiff to admit the 1986 robbery conviction.  The 2005 order reversing plaintiff's conviction confirms the terms of the

1  plea as stated in the 2003 change of plea hearing, and makes no mention of any "dismissal" of

2  plaintiff's prior conviction or convictions.  (Id. at 23.)

3         Therefore, to the extent plaintiff seeks to challenge his 1986 or 1989 prior

4  criminal convictions, plaintiff cannot state a cognizable civil rights claim unless he can

5  demonstrate that these 1986 or 1989 convictions were reversed, expunged or called into question

6  by a federal writ of habeas corpus.  In the unlikely event that plaintiff can so demonstrate,

7  plaintiff will be granted leave to file an amended complaint.

8         Third, the complaint does not make clear whether plaintiff is attempting to seek

9  monetary damages for the 2005 reversal of plaintiff's 2003 conviction.  To the extent plaintiff

10  attempts to do so, this claim is also unavailing.  The Heck doctrine also requires a "favorable

11  termination" before plaintiff can bring a civil rights action calling his conviction into question.

12  See Heck, 512 U.S. at 477; Jackson v. Barnes, 2009 WL 1096276 at * 13-16 (C.D. Cal. April 21,

13  2009).  Upon retrial by the state court, plaintiff was ultimately convicted of assault using force

14  likely to produce great bodily injury and battery inflicting serious bodily injury, and an

15  enhancement allegation that, as to each offense, defendant inflicted great bodily injury under

16  circumstances involving domestic violence.  These crimes were greater than the charges to which

17  plaintiff previously pled nolo contendere.  Because on retrial plaintiff was convicted of greater

18  criminal charges, his subsequent conviction was not a favorable termination under Heck.

19  Moreover, plaintiff was subsequently sentenced to 25 years to life, longer than the prior 12 year

20  sentence.  Therefore, plaintiff has no possible damages because he would have been in prison

21  anyway.  Jackson, 2009 WL 1096276 at *14.

22         It appears unlikely that plaintiff will be able to amend his complaint to state a

23  cognizable civil rights claim.  Accordingly, the court has not assessed plaintiff the $350.00 filing

24  fee in case plaintiff chooses to voluntarily dismiss this action to avoid incurring the $350.00 fee.

25  Alternatively, in the event plaintiff is able to demonstrate that his 1986 or 1989 convictions were

26  overturned or invalidated, as explained above, the court will grant plaintiff leave to file an

1 amended complaint.  Plaintiff is cautioned that by filing an amended complaint, he will be

2 required to pay the $350.00 filing fee.

3          In addition, plaintiff is hereby informed that the court cannot refer to a prior

4 pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

5 an amended complaint be complete in itself without reference to any prior pleading.  This

6 requirement exists because, as a general rule, an amended complaint supersedes the original

7 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

8 complaint, the original pleading no longer serves any function in the case.  Therefore, in an

9 amended complaint, as in an original complaint, each claim and the involvement of each

10 defendant must be sufficiently alleged.

11          Finally, plaintiff is warned that failure to comply with this order may result in a

12 recommendation that this action be dismissed.

13          In accordance with the above, IT IS HEREBY ORDERED that:

14          1.  Plaintiff's complaint is dismissed.

15          2.  Within thirty days from the date of this order, plaintiff shall complete the

16 attached Notice and submit the following documents to the court:

17                    a.  The completed Notice; and

18                    b.  If plaintiff opts to file an amended complaint, an original and one copy

19                    of the Amended Complaint.

20 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

21 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

22 also bear the docket number assigned to this case and must be labeled "Amended Complaint."

23 ////

24 ////

25 ////

26 ////

6

1   Failure to file the required notice or an amended complaint in accordance with this order may

2   result in the dismissal of this action.

3   DATED:  January 6, 2011

4

5                                                        _____

6                                                        KENDALL J. NEWMAN
                                                         UNITED STATES MAGISTRATE JUDGE
7   jone3323.14

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8  IN THE UNITED STATES DISTRICT COURT

9  FOR THE EASTERN DISTRICT OF CALIFORNIA

10  WILLIE RAY JONES,

11            Plaintiff,                    No. 2:10-cv-3323 KJN P

12      vs.

13  ROBERT I. BAYSPINGER, et al.,           NOTICE

14            Defendants.

15  _____/

16            Plaintiff hereby submits the following document(s) in compliance with the court's

17  order filed _____:

18            _____          Plaintiff opts to voluntarily dismiss this case.

19            OR

20            _____          Amended Complaint

21  DATED:

22

23                                  _____

24                                  Plaintiff

25

26