1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIE RAY JONES,

11              Plaintiff,                    No. 2:10-cv-3323 KJN P

12        vs.

13   ROBERT I. BAYSPINGER, et al.,

14              Defendants.                   ORDER

15   _____/

16              Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19   and Local Rule 302.  Plaintiff has consented to proceed before the undersigned for all purposes.

20   See 28 U.S.C. § 636(c).

21              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

22   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

23   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

24   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

25   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

26   make monthly payments of twenty percent of the preceding month's income credited to

1

1  plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

2  the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

3  fee is paid in full.  28 U.S.C. § 1915(b)(2).

4         By order filed January 7, 2011, plaintiff's complaint was dismissed for failure to

5  state a cognizable civil rights claim, and plaintiff was provided the option to voluntarily dismiss

6  this action, or, was granted leave to file an amended complaint in the unlikely event plaintiff

7  could demonstrate his 1986 or 1989 prior convictions were reversed, expunged, or called into

8  question by a federal writ of habeas corpus.[1]  Plaintiff has now filed an amended complaint.

9         Plaintiff was previously informed of this court's obligation to screen complaints

10  brought by prisoners seeking relief against a governmental entity or officer or employee of a

11  governmental entity.  28 U.S.C. § 1915A(a).

12         In his amended complaint, plaintiff attempts to demonstrate that his 1986 or 1989

13  prior convictions have been invalidated, allegedly demonstrating his compliance with

14  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), such that this action may continue.

15         A brief synopsis of the underlying proceedings follows.

16         1.  On July 3, 2003, plaintiff was charged with an information alleging assault by

17  means of force likely to produce great bodily injury, and battery with serious bodily injury, and it

18  was further alleged that plaintiff had sustained three strikes under California's Three Strikes law

19  based on plaintiff's three prior serious felony convictions and six prior prison terms.  (Dkt. No.

20  11 at 2.)

21         2.  On October 6, 2003, plaintiff pled nolo contendere to battery with serious

22  bodily injury with an enhancement that he personally inflicted great bodily injury, and an

23  admission of a prior serious felony conviction, in San Joaquin County Superior Court Case No.

24   

25      [1]  The court also found that plaintiff could not seek monetary damages for the 2005

26  reversal of plaintiff's 2003 conviction because it was not a favorable termination.  (Dkt. No. 5 at 5.)

1    SF087963A.  (Dkt. No. 1 at 14; 11 at 2.)  The prosecution moved to dismiss two strikes, two

2    serious felony prior convictions, and the six prior prison terms.  (Dkt. No. 11 at 3.)  Pursuant to

3    the plea agreement, plaintiff was sentenced to twelve years in state prison.

4              3.  On April 29, 2005, the California Third District Court of Appeal reversed

5    plaintiff's 2003 conviction and remanded the case to the trial court.  (Dkt. No. 11 at 29-33.)

6              4.  On May 12, 2006, the trial court addressed scheduling and plaintiff's counsel

7    raised the issue of plaintiff's competence to stand trial.  (Dkt. No. 1 at 17.)  The prosecutor

8    revoked the plea offer.[2]  (Id. at 18.)

9              5.  Plaintiff's case went to jury trial, and on May 9, 2007, plaintiff was convicted

10   of assault using force likely to produce great bodily injury and battery inflicting serious bodily

11   injury.  (Dkt. No. 11 at 39.)  The jury also found true an enhancement allegation that as to each

12   offense defendant inflicted great bodily injury under circumstances involving domestic violence.

13   (Id.)

14             6.  On May 10, 2007, plaintiff was advised of his right to a jury trial on his prior

15   convictions.  (Dkt. No. 11 at 41.)  Plaintiff waived his right to a jury trial on the prior

16   convictions.  (Id.)  After a subsequent bench trial, the court found true the enhancement

17   allegations that plaintiff had two prior convictions of serious or violent felony offenses.  People

18   v. Jones, 2008 WL 3878347 (Cal. App. 3 Dist. Aug. 22, 2008); Dkt. No. 11 at 42-43.[3]  Plaintiff

19   was sentenced to 25 years to life in state prison.  (Dkt. No. 11 at 47.)

20   _____

21        [2]  The Reporter's Transcript does not reveal the details of the plea offer.  Id.  However,
     plaintiff has now provided a copy of the prosecution's May 8, 2006 plea offer which appears to
22   be the same plea offer of twelve years to which plaintiff pled no contest in 2003.  (Dkt. No. 11 at
     94.)  In an undated offer referring to a May 1, 2007 hearing, the prosecution made a subsequent
23   offer of 15 years.  (Dkt. No. 11 at 103.)

24        [3]  Court records reflect plaintiff sustained two prior serious felony convictions:  robbery
     in San Joaquin County Superior Court (Case No. SC037899) on July 21, 1986; and robbery in
25   Los Angeles County Superior Court (Case No. A577402) on August 17, 1989.  Jones v. Haws,
     2:09-cv-1735 KJM P, Dkt. No. at 64.  A court may take judicial notice of court records.  See
26   MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).

In <u>Heck v. Humphrey</u>, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under § 1983.

<u>Heck v. Humphrey</u>, 512 U.S. at 486-87.  It is well settled law in California that the striking of a sentence enhancing allegation of a prior conviction has no preclusive effect notwithstanding a determination that it was constitutionally invalid.  <u>Gonzalez v. Municipal Court</u>, 32 Cal.App.3d 706, 711, 108 Cal.Rptr. 612, 617 (1973).  Motions to strike such an allegation "do not vacate the underlying conviction. . . ."  <u>People v. Sumstine</u>, 36 Cal.3d 909, 920, 206 Cal.Rptr. 707, 714 (1984).  "The purpose of a motion to strike is to challenge only the present effect of the prior conviction."  <u>Id.</u> at 921.  If a California trial court grants a motion to strike the allegation of a prior conviction, it cannot be used to enhance the punishment in that criminal proceeding. <u>People v. Allheim</u>, 48 Cal.App.3d Supp. 1, 5-6, 121 Cal.Rptr. 448, 451 (1975).  However, if the defendant is subsequently prosecuted on an unrelated offense, the allegation of a prior conviction may be pleaded and the defendant must satisfy the trial court in that proceeding that the prior conviction cannot be used to enhance the sentence.  <u>Id.</u> at 5-6, 121 Cal.Rptr. at 451.

A motion to strike a sentence enhancing allegation is not the equivalent of a motion to set aside a plea of guilty and vacate a prior judgment of conviction.  <u>Gonzalez</u>, 32 Cal.App.3d at 710-11, 108 Cal.Rptr. at 616.  The fact that a defendant has been successful in urging that a sentence enhancing allegation be struck in a subsequent prosecution on an unrelated charge does not affect the validity of the earlier judgment.  The defendant is still subject to the onerous effects which flow from a conviction until he "'successfully moves to vacate or set aside the judgment in the original action. . . .'"  <u>Sumstine</u>, 36 Cal.3d at 921, 206 Cal.Rptr. at 714-15

4

1   (quoting Gonzalez, 32 Cal.App.3d at 712 n.9, 108 Cal.Rptr. at 617 n.9).

2         Where, as here, plaintiff's conviction, enhanced by a prior conviction, is

3   subsequently reversed, and the prosecution opts to retry the issue of all of plaintiff's prior

4   convictions, the prior prison terms are addressed anew following a subsequent guilty verdict.

5   The 2007 sentencing court was not bound to the 2003 plea agreement.  See Hall v. Terhune, 2003

6   WL 21148489 *6 (N.D. Cal. 2003) ("The sentencing court was not a party to petitioner's earlier

7   agreement and was not bound or restricted by it.")  Rather, plaintiff had to persuade the 2007

8   sentencing court that his prior convictions should not be used to enhance his sentence.

9         Therefore, plaintiff's claim that the reversal of his 2003 conviction demonstrates

10   his 1989 or 1986 prior convictions were reversed, invalidated or impugned is unavailing.

11   The reversal of his 2003 conviction addressed the underlying charges of battery based on events

12   that occurred in Stockton, California on February 13, 2001, and had no impact on his prior

13   convictions, other than the extent the prior convictions were used to enhance his sentence based

14   on the 2003 conviction.  The Court of Appeals decision reversing the 2003 conviction did not

15   invalidate, reverse, or even address the merits of plaintiff's prior convictions.  (Dkt. No. 11 at 29-

16   33.)

17         Similarly, the October 6, 2003 change of plea hearing also reflects no ruling

18   concerning the merits of either prior conviction.  (Dkt. No. 11 at 12-24.)  The change of plea

19   hearing demonstrates plaintiff and the prosecution entered a plea agreement by which plaintiff

20   would only admit one prior conviction, the 1989 conviction, in connection with his no contest

21   plea to felony battery with serious bodily injury, in exchange for a sentence of twelve years.

22   (Dkt. No. 11 at 22.)  This hearing appears to reflect a concession on the prosecutor's part to

23   refrain from requiring plaintiff to admit the 1986 robbery conviction.  The fact that plaintiff did

24   not admit to the 1986 prior conviction in the 2003 plea bargain had no bearing on the validity of

25   the 1986 prior conviction.  Any alleged agreement by the 2003 sentencing court and the

26   prosecution to "dismiss" or "strike" plaintiff's 1986 prior conviction (dkt. no. 11 at 8), had no

1    impact on the underlying 1986 or 1989 convictions.  Gonzalez, 32 Cal.App.3d at 710-11, 108

2    Cal.Rptr. at 616.  The 2003 plea agreement only meant that the court would refrain from using

3    plaintiff's 1986 prior conviction to enhance plaintiff's sentence in 2003.  That 2003 agreement

4    had no binding affect on subsequent sentencing courts.

5            Plaintiff has failed to demonstrate that his 1986 prior conviction for robbery in

6    San Joaquin County Superior Court (Case No. SC037899), or his 1989 prior conviction for

7    robbery in Los Angeles County Superior Court (Case No. A577402), have been reversed,

8    expunged, or called into question by a federal writ of habeas corpus.  Therefore, plaintiff's

9    complaint is barred under Heck v. Humphreys.

10           Finally, plaintiff asks the court to grant him leave to amend to demonstrate that

11   his 1989 conviction was invalidated.  (Dkt. No. 11 at 10.)  Plaintiff states "it appears plaintiff's

12   1989 conviction was reversed or expunged by the state court," citing to plaintiff's Exhibit H.

13   (Dkt. No. 11 at 6.)  However, Exhibit H is a writ of habeas corpus for plaintiff's attendance at an

14   evidentiary hearing and does not reflect that the 1989 conviction was invalidated or expunged.  In

15   fact, an exhibit provided by plaintiff demonstrates that plaintiff's 1989 conviction was not

16   invalidated.  (Dkt. No. 11 at 80.)  Plaintiff provides a transcript from the June 18, 2007 judgment

17   and sentencing in San Joaquin County Superior Court Case No. SF087963A.  (Dkt. No. 11 at

18   60.)  After some confusion concerning plaintiff's prior convictions and what records had and had

19   not been provided to the state court, the prosecution pointed out that the L.A. prior contained all

20   of the appellate record, and confirmed that plaintiff's priors "were never invalidated."  (Dkt. No.

21   11 at 80.)  The Superior Court judge reviewed those records and agreed:

22           THE COURT:  Sure enough.  Here it is.  You are right.
             Apparently, Mr. Jones . . . did file a petition for writ of habeas
23           corpus in Los Angeles to set aside that prior.  He did do that, and it
             was denied.  That is what happened. . . . That is in the certified
24           records of the Court.

25   (Dkt. No. 11 at 80.)  Plaintiff objected, claiming the "receiving stolen property conviction was

26   not part of the agreement that was understood by the parties in L.A."  (Id.)  The court replied that

                                                  6

1   plaintiff had filed a motion to try to have that corrected, and it was denied.  (Id.)  This record

2   demonstrates that plaintiff's 1989 conviction in Los Angeles was not invalidated or overturned.

3   Therefore, granting plaintiff leave to amend would be futile.

4            In accordance with the above, IT IS HEREBY ORDERED that:

5            1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

6            2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

7   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

8   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

9   Director of the California Department of Corrections and Rehabilitation filed concurrently

10  herewith.

11           3.  Plaintiff's amended complaint is dismissed, without prejudice, and this action

12  is closed.

13  DATED:  April 21, 2011

14

15  _____

16  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

17  jone3323.dsm

18

19

20

21

22

23

24

25

26